J-S73027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY ANDERSON, | |
| Appellant | No. 688 WDA 2018 |

Appeal from the PCRA Order Entered April 10, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003325-2015

BEFORE:  GANTMAN,  P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 30, 2019**

Appellant, Jeffrey Anderson, appeals from the post-conviction court's

April 10, 2018 order denying his timely-filed petition under the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of Appellant's case, as follows:

> This case involves a robbery that occurred at the Avalon
> Hotel in downtown Erie, Pennsylvania[,] at approximately 3:42
> a.m. on October 2, 2015.  Dawn Keister was working the front
> desk at the Avalon when she was approached by a white male in
> the main lobby.  The suspect brandished a knife and told Keister
> to give him the money.  Keister filled the bag with approximately
> $70.00 in cash and the suspect fled.  Although the robber was
> wearing a blue hoodie and a scarf over the lower half of his face,
> Keister recognized him as someone who had previously worked at
> the Avalon whose name was "Jeff."  The [robbery] was captured
> on the hotel surveillance video.  Later, Keister positively identified
> [Appellant] "without hesitation" in a photo line-up as the robber.

PCRA Court Opinion (PCO), 4/10/18, at 1.

Based on this evidence, a jury convicted Appellant of robbery, theft by unlawful taking, receiving stolen property, simple assault, and possessing an instrument of crime. He was sentenced on July 21, 2016, to an aggregate term of 40 to 120 months' incarceration, followed by 5 years' probation. Appellant filed a timely appeal, and this Court affirmed. **Commonwealth v. Anderson**, 174 A.3d 120 (Pa. Super. 2017) (unpublished memorandum).

On September 22, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed and originally filed a **Turner/Finley**[1] 'no-merit' letter. However, the court ordered counsel "to supplement his no[-]merit letter to address the issue of trial counsel's failure to call alibi witness Patricia M. Anderson ([Appellant's] mother) at trial." PCO at 3. Counsel thereafter filed an amended petition arguing the merits of this single ineffectiveness claim. Attached thereto, counsel included a statement by Ms. Anderson setting forth her alibi defense for Appellant, which will be discussed in more detail, *infra*.

The court conducted a PCRA hearing on April 6, 2018. On April 10, 2018, the court issued an order and accompanying opinion denying Appellant's petition. Appellant filed a timely notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In lieu of a separate Rule 1925(a) opinion, the court relied on its April 10, 2018 opinion in support of its

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

order denying Appellant's petition. Herein, Appellant raises the following two issues for our review:

> A. Whether the [PCRA] court erred in failing to declare a mistrial?
>
> B. Whether [Appellant] was afforded ineffective assistance of counsel in that defense counsel failed to formally move for a mistrial based upon the conduct of [the] Commonwealth … and defense counsel failed to present an alibi witness, namely, Patricia Anderson, who was present at trial and who had been the predicate for counsel['s] issuing a Notice of Intention to Present Alibi?

Appellant's Brief at 2.[2]

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001).

In Appellant's first issue, he contends that the trial court erred by "failing to grant a mistrial as of its own accord" when "the Commonwealth presented evidence of a video on social media in which [] [A]ppellant was identified as the perpetrator, which constituted blatant and express hearsay evidence…." Appellant's Brief at 4. According to Appellant, while the court "admonish[ed]

---

[2] We note that Appellant fails to adhere to Pa.R.A.P. 2119's mandate that his Argument "be divided into as many parts as there are questions to be argued…." Nevertheless, because we can discern the claims he raises, we will overlook this briefing error.

the Commonwealth and … threaten[ed] the issuance of a mistrial[,]" it erred by only issuing a cautionary instruction to the jury. *Id.*

We initially chastise Appellant for not citing to where in the record this alleged trial court error occurred. Notwithstanding, however, his claim fails on its face, as it is not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2) (setting forth the claims that are cognizable under the PCRA). Moreover, we would also deem this claim waived because Appellant could have raised it on direct appeal but failed to do so. *See* 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, the [Appellant] must demonstrate that the claim was not previously litigated or waived); 42 Pa.C.S. § 9544(b) (directing that "an issue is waived if the [Appellant] could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding").

In Appellant's second issue, he alleges that his trial counsel, Brian Arrowsmith, Esq., acted ineffectively in two ways: (1) by failing to request a mistrial based on the Commonwealth's admission of the social media video that ostensibly contained hearsay; and (2) by not calling to the stand his alibi witness, Patricia Anderson. In regard to ineffectiveness claims, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption,

the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland**[ **v. Washington**, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, 608 Pa. at 86–87, 10 A.3d at 291 (quoting **Commonwealth v. Collins**, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

We conclude that Appellant's first allegation of ineffectiveness, regarding counsel's failure to request a mistrial, is waived. Appellant merely tacks this claim onto his first argument that the court should have granted a mistrial after the Commonwealth ostensibly admitted a video containing

hearsay. Notably, Appellant's entire argument to support this ineffectiveness claim amounts to the following, single sentence: "Moreover, counsel failed to even take up [] [A]ppellant's right to a fair trial through stepping up and seeking the provision of a mistrial when confronted with the conduct leading up to the admonition and curative instruction by the trial [c]ourt." Appellant's Brief at 4. Additionally, Appellant provides no citations to the record or any legal authority to support his argument that a mistrial was warranted and that Attorney Arrowsmith should have moved for such relief. *See* ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.") (citations omitted). Therefore, we deem Appellant's first ineffectiveness claim waived. ***See id.*** ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Nevertheless, even if not waived, we would discern no error in the PCRA court's rationale for concluding that no mistrial was warranted and, therefore, counsel was not ineffective. Specifically, the court reasoned:

> First[, Appellant] claims the trial court should have declared (and his counsel should have requested) a mistrial. This claim is meritless, because no mistrial was warranted. [Appellant]

- 6 -

apparently relies on the trial court's cautionary statements to Assistant District Attorney Lightner when [Appellant]'s counsel, Attorney Arrowsmith, appropriately objects to a video tape about to be played for the jury:

MR. ARROWSMITH: Your Honor, my objection is based on the entirety of this video as highly prejudicial.

THE COURT: Yeah, and let me tell you, [Assistant District] Attorney Lightner, in my view we are on the cusp of me granting a motion for mistrial, if one's made, if this video blunders into improper territory. You've already done something that I think is improper, and that is you put in somebody else calling this guy and offering a name, which is hearsay of the most prejudicial form[3]...now I don't know what's in the video...If this video gets into things - and I've seen enough interviews in which police officers basically try to, quote, unquote, dirty up the suspect with a thousand irrelevancies, if it goes there, I will grant a -

> [3] The [c]ourt gave a curative instruction to the jury as follows: "Ladies and gentlemen, first of all, I'm the gatekeeper of evidence. Here I heard something in my ear that's improper and I'm going to stop it. He's [the detective] investigating what occurred at the Avalon. He tells us he put something [o]n the internet and some person calls him and gives him a name. Absolutely improper. Strike it, disregard it. All right? You have a witness from the Avalon who made an identification. What someone in cyber space looks at and calls and says, not relevant, not admissible, not to be considered, not even to be speculated about. Wipe it from your mind as much as humanly possible." (N.T. [Trial, 5/9/16,] at 90).

MR. LIGHTNER: Your Honor -

THE COURT: -- mistrial - let me finish - I will grant a mistrial quickly. So you have to ask yourself how much of this do you need to play...

MR. LIGHTNER: Your Honor, the question I propose is at 11:15 in the interview he asked, "Why does he pick you out of a lineup then?" And he goes, "I don't know. I went there on Thursday night."

THE COURT: That's fine, that's fine...

([*Id.* at] 93-95.) There was further discussion about the potential danger that the video might show a discussion of [Appellant's] drug use (as a motive for the robbery), but the [c]ourt [gave] the parties a chance to review the video tape prior to showing it to the jury in order to prevent the disclosure any improper statements. ([*Id.* at] 96). Thus, the potential error of admitting improper character or propensity evidence was successfully averted. There was no need for the [c]ourt to carry out its threat to declare a mistrial, as no improper testimony was elicited. This was apparently disappointing to [Appellant], but does not provide a meritorious basis for PCRA relief.

PCO at 5-6. The record supports the court's conclusion. Thus, even had Appellant not waived this ineffectiveness claim for our review, we would deem it meritless.

Regarding Appellant's second claim of ineffectiveness, he contends that counsel erred by not calling Ms. Anderson, his alibi witness, to the stand at trial. In rejecting this claim, the PCRA court explained:

On February 16, 2018, [Appellant's PCRA counsel] filed a Supplement to Motion for Post Conviction Relief and attached a statement by Patricia Anderson as follows:

To whom it may concern[:]                      2/15/18

I'm writing this letter to let you know that I was at Jeffrey Anderson's trail (sic) and I was available to testify. On October 2, 2015, I worked until midnight and then went to the hospital to see my boyfriend. I got home at 2 a.m. and was upset because they had told me at the hospital that my boyfriend would never be able to come home because he had to be on oxygen all the time.[] Shortly after I got home my son [Appellant] got up to go to the bathroom and I explained to him what had happened at the hospital[. W]e talked for about 20 minutes and he went back to bed. Our rooms are right next to each other and his bedroom door is noisy so I know he never came out of the room for the rest of the night[.] [B]esides that[,] I am a very light sleeper and

> wake up to every little sound.  At the time I lived in a small apartment on the second floor.

> Ms. Patricia Anderson

Attachment to Supplement to Motion for Post Conviction Collateral Relief, 2/16/18.

> An evidentiary hearing was held on April 6, 2018 to address the question of whether the failure to call Ms. Anderson as a trial witness constituted ineffective assistance of counsel.  At the evidentiary hearing, Ms. Anderson testified that on the night of October 2, 2015[,] she worked until midnight, then went to the hospital to see her boyfriend and returned home at 2 a.m., which would have been the morning of October 3, 201[5].  Ms. Anderson's alibi is problematic since the robbery took place at 3:42 a.m. on October 2, 2015, not October 3, 2015.  We also note that Ms. Anderson denied having been subpoenaed for trial and denied talking with Attorney Arrowsmith during a break in the trial, about whether she would testify on behalf of her son.  We found Ms. Anderson's testimony less than credible.

> At the PCRA evidentiary hearing, Attorney Arrowsmith[] credibly testified that he made a strategic trial decision in the middle of trial not to call Ms. Anderson for two reasons: 1. he doubted Ms. Anderson's accuracy with respect to the date she had spoken to her son in the middle of the night (as evidenced by her continued confusion in her written statement and during the evidentiary hearing)[,] and 2. he was concerned that Ms. Anderson lacked credibility.  Attorney Arrowsmith had a vivid recollection of speaking with Ms. Anderson in the hallway outside the courtroom during a break in the trial.  He had hoped to use her in light of the fact that the victim clearly recognized his client as the burglar.  However, it was clear that Ms. Anderson was not able to accurately pinpoint the date she spoke with her son in the middle of the night.  Furthermore, it was evident to counsel that she was "struggling over the truth."  For these bona fide reasons[,] Attorney Arrowsmith declined to call this potential witness.

PCO at 3-4 (emphasis in original).  In sum, the PCRA court found,

> that[,] in light of Ms. Anderson's obvious confusion about the date she spoke to her son, she would not have been an asset to [Appellant's] case.  Furthermore, we acknowledge and share

Attorney Arrowsmith's legitimate concern about Ms. Anderson's credibility.

*Id.* at 9.

As the PCRA court correctly notes, "[w]here the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." *Id.* (citing *Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 99 (Pa. 1998)). Here, the PCRA court found Ms. Anderson's alibi incredible, or at least inaccurate, and believed that Attorney Arrowsmith had a reasonable basis for not calling her to the stand at trial. As the record supports the court's credibility determinations, we discern no error in the court's denying Appellant's second ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2019